IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICKEY DON BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:22cv345 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Mickey Don Butler, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Complaint**

Petitioner's original petition was missing a number of pages, and so he was ordered to amend his petition to specify all of the grounds for relief available to him and state the facts supporting each ground, as required by Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts.

In his amended petition, Petitioner states that he is challenging a disciplinary case for assaulting an officer, in which he was found guilty on November 8, 2021. Petitioner states that on September 18, 2021, he was thrown to the ground by Sgt. Ogunjobi for refusing to place his hands behind his back when he has medical restrictions exempting him from doing so. He says that he presented his medical pass in a submissive posture, ready to be handcuffed in front and placed willingly into the holding cell. Petitioner says that he had previously showed his medical pass to Lt. Evans, but Lt. Evans ignored it and did not tell Sgt. Ogunjobi about the pass or Petitioner's

1

medical issues. Sgt. Ogunjobi also ignored his pleas to read the pass and attempted to grab him multiple times to force his arms behind his back. For relief, Petitioner asks for his classification and housing status back, and for his medical restrictions be to be respected without retaliation. The amended petition does not allege any facts showing a denial of due process in the disciplinary proceeding.

## II. The Respondent's Answer

In his answer, the Respondent argues that Petitioner's claims are conclusory and not cognizable in habeas proceedings. The Respondent also contends that Petitioner filed a Step One grievance but not a Step Two appeal of this grievance and therefore did not exhaust his available state remedies.

The Respondent has furnished copies of the relevant state records. These records reflect that Petitioner filed a Step One grievance concerning the disciplinary case, but no Step Two grievance appeal. Petitioner also filed a second Step One grievance which was screened (i.e. returned unprocessed), but the TDCJ computer system does not have a scanned copy of this grievance. (Docket no. 21-1, pp. 2-4).

The hearing record shows that Petitioner was charged with assaulting Sgt. Ogunjobi by pushing him in the chest with both hands, which did not result in any injury. At the hearing on November 8, 2021, Petitioner pleaded not guilty and stated that all he was trying to do was create a safe distance between himself and Sgt. Ogunjobi. Petitioner was found guilty based upon the officer's report, the testimony of Sgt. Afun and Sgt. Ogunjobi, and video surveillance. He received as punishment 60 days of commissary restrictions 45 days of cell and commissary restrictions, a reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 360 days of good time. (Docket no. 21-2, p. 3). Although Petitioner gives the date of the incident as September 18 in his petition and his Step One grievance, the hearing record indicates that the incident occurred on October 27, 2021. The state records show that this is the only disciplinary case which Petitioner received in the past 180 days. (Docket no. 21-2, p. 8).

Petitioner did not a file a reply to the answer; accordingly, the allegations of the answer will be taken as true except to the extent that the Court finds from the evidence that they are not true. 28 U.S.C. §2248.

**III. Discussion**

A. Exhaustion

Prisoners seeking habeas corpus relief are required to exhaust their available state remedies. 28 U.S.C. §2254(b). When the conviction challenged is a prison disciplinary conviction, this requires that the prison administrative grievance procedures be exhausted. Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978). The requirement of exhaustion means "proper exhaustion," complying with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

The Fifth Circuit has stated that in order for an issue to be exhausted properly, it must be presented in a Step One grievance and then appealed to Step Two. Randle v. Woods, 299 F.App'x 466, 2008 U.S. App. LEXIS 24138, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing* Woodford and Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

The uncontroverted evidence in this case shows that Petitioner did not file a Step Two appeal of his grievance. In his petition, he says "Inappropriate second Step One grievable time expired" in answer to a question about appealing his grievance. The business records affidavit in the state records shows that Petitioner did file a second Step One grievance, which was screened (i.e. returned unprocessed). Like his unappealed Step One grievance, a second Step One grievance which was screened cannot exhaust his state remedies; the Fifth Circuit has explained that grievances which are screened or returned unprocessed do not serve to exhaust administrative remedies. Robinson v. Wheeler, 338 F.App'x 437, 2009 U.S. App. LEXIS 16519, 2009 WL 2222844 (5th Cir., July 24, 2009).

3

In response to a question concerning Step Two appeals, Petitioner says "no response at all," but does not elaborate. The Fifth Circuit has long held that conclusory assertions of exhaustion are insufficient to create a genuine issue of material fact. *See, e.g.*, Kidd v. Livingston, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012) ("conclusory assertions and production of an unprocessed Step Two form in the district court failed to create a genuine dispute as to his exhaustion of this grievance,") *citing* Freeman v. Texas Department of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004); Ryan v. Phillips, 558 F.App'x 477, 2014 U.S. App. LEXIS 5087, 2014 WL 1017117 (5th Cir., March 18, 2014) ("conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any formal or informal grievances,") *citing* Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010); *accord,* Huff v. Neal, 555 F.App'x 289, 2014 U.S. App. LEXIS 1535, 2014 WL 274500 (5th Cir., January 27, 2014).

The oblique statement "no response at all" is not sufficient to overcome the evidence of the state records showing that Petitioner did not exhaust his state remedies. The Respondent's assertion that Petitioner failed to exhaust these remedies is correct, and the petition may be dismissed on this basis; however, the Court will proceed to address the merits of Petitioner's claims.

B. The Petitioner's Claims

Petitioner contends that he was thrown to the ground and that his medical restrictions were disregarded. He also indicates that Lt. Evans and Sgt. Ogunjobi violated the TDCJ Employee Code of Conduct. These allegations do not implicate the validity of the disciplinary case which Plaintiff received for allegedly pushing Sgt. Ogunjobi in the chest, but appear to set forth civil rights claims.

The Fifth Circuit has held that habeas corpus is not available to review questions unrelated to the fact or legality of a petitioner's detention. Instead, the sole function of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. Pierre v. U.S., 525 F.2d 933, 935 (5th Cir. 1976). Unconstitutional conditions of confinement do not set out a basis for habeas corpus relief. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir.

4

1997). A challenge to a disciplinary case in which an inmate eligible for mandatory supervision lost good time is cognizable in habeas corpus, *see* Muhammed v. Weston, 126 F.App'x 646, 2005 U.S. App. LEXIS 3090, 2005 WL 419480 (5th Cir., February 23, 2005), but none of the grounds for relief presented by Petitioner challenge the legality of the disciplinary proceeding. Instead, his claims concern an alleged use of force and deliberate indifference to his medical condition, which claims are not related to the legality of his detention and thus cannot be pursued in habeas corpus. Pierre, 525 F.2d at 936 (habeas corpus cannot be used as a springboard to adjudicate matters foreign to the question of the legality of custody); *see also* Cook v. Hanberry, 596 F.2d 658, 660 n.1 (5th Cir. 1979). Should Petitioner wish to pursue civil rights remedies concerning these allegations, he may do so within the two-year limitations period.

To the extent that Petitioner's claims may be read to allege that he is actually innocent of the disciplinary charge because he was the one assaulted, not Sgt. Ogunjobi, this claim is likewise not cognizable in habeas corpus. The Fifth Circuit has held that a standalone claim of actual innocence is not cognizable on federal habeas corpus review. Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006); Hoff v. Davis, civil action no. 7:16cv533, 2017 U.S. Dist. LEXIS 219497, 2017 WL 8293241 (S.D. Tex., December 22, 2017), *Report adopted at* 2018 U.S. Dist. 46584, 2018 WL 1441416 (S.D. Tex., March 21, 2018) (applying actual innocence analysis in habeas challenge to prison disciplinary case).

Nor can Petitioner maintain a challenge to the sufficiency of the evidence supporting the finding of guilt in the disciplinary case. The Fifth Circuit has explained that federal courts cannot retry every prison disciplinary dispute; rather, the reviewing court is required only to find "some evidence" supporting the disciplinary hearing officer's decision. Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.") An

5

officer's report, by itself, is sufficient to support a finding of guilt. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). The district court, in reviewing this issue, need not conduct a de novo factual review. Smith, 659 F.2d at 545.

The disciplinary hearing record shows that the finding of guilt was based on the officer's report, the testimony of Sgt. Afun and Sgt. Ogunjobi, and video surveillance. A hearing worksheet shows that Sgt. Afun testified he saw Petitioner push the sergeant with his hands on the video surveillance, and Sgt. Ogunjobi testified that he ordered Petitioner to submit to hand restraints and that Petitioner refused and pushed him. (Docket no. 21-2, pp. 9-10). This is sufficient evidence to sustain the finding of guilt. Hudson, 242 F.3d at 537. Petitioner's application for the writ of habeas corpus lacks merit as well as being unexhausted.

**IV. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that he has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). This requires a demonstration that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Petitioner Mickey Don Butler has not made a substantial showing of the denial of a federal right, nor has he shown that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. He is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice. It is further recommended that the Petitioner Mickey Don Butler be denied a certificate of appealability *sua sponte*. This dismissal should be without prejudice to any civil rights claim which Petitioner may wish to pursue concerning this incident.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 11th day of May, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE