IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MICKEY DON BUTLER, | § |
| Petitioner, | § |
| v. | §  Case No. 6:22-cv-345-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § |
| Respondent. | § |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Mickey Don Butler, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On May 11, 2023, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss this case with prejudice. Docket No. 22. The Report found that Petitioner had failed to exhaust administrative remedies, that several of his claims sounded in civil rights rather than habeas, and that any standalone claim of actual innocence is not cognizable in a habeas corpus proceeding. Judge Love also recommended that a certificate of appealability be denied. Petitioner filed objections. Docket No. 24.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the

Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections to the Magistrate Judge's Report, Petitioner states that he has a copy of TDCJ grievance no. 2022010961, dated September 28, 2021. Docket No. 24. But Petitioner's amended petition challenges a disciplinary case from November 8, 2021. Docket No. 7 at 5. While this grievance may relate to Petitioner's confrontation with Sgt. Ogunjobi, it cannot serve to exhaust Petitioner's complaints about the disciplinary case because a grievance filed before the disciplinary case cannot give prison officials a fair opportunity to address any issues with that case. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The Report correctly observed that any claims Petitioner may have concerning allegedly being thrown to the ground or being injured in that confrontation must be pursued through a civil rights lawsuit rather than a petition for the writ of habeas corpus. Docket No. 22 at 5 (citing *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Cook v. Hanberry*, 596 F.2d 658, 660 n.1 (5th Cir. 1979)). Petitioner's objections also ask the Court to watch the video of his September 18, 2021 arrest. Docket No. 24. But a de novo review of the disciplinary board's factual finding is not required; rather, the Court must only consider "whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action taken by the prison officials." *Smith v. Rabalais*,

659 F.2d 539, 545 (5th Cir. 1981) (quoting *Willis v. Ciccone*, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974)). Here, the disciplinary records show that the finding of guilt was based on "some evidence," which is all that is required. *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts . . . any evidence at all."). Accordingly, Plaintiff's objections provide no basis for rejecting the Magistrate Judge's Report.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 24) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 22) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

The dismissal of this petition is without prejudice to any civil rights claim Petitioner may wish to pursue concerning the incident forming the basis of this petition.

So **ORDERED** and **SIGNED** this **8th** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE